IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMAL A. AZEEZ,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )          Civil Action No. 5:15-15225
                                         )
STATE OF WEST VIRGINIA,                  )
                                         )
            Respondent.                  )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1) and Petition for Writ of Error *Coram Nobis* (Document No. 2).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

FACTUAL AND PROCEDURAL HISTORY

A.      Petitioner's State Convictions.

On July 31, 1987, Petitioner was convicted in the Circuit Court of Raleigh County, West Virginia, of second degree sexual assault of an adult female patient at Appalachian Regional Hospital in Beckley, West Virginia, where Petitioner worked as a lab technologist. (Civil Action No. 5:06-106, Document No. 151.) Petitioner was sentenced on September 14, 1987, to ten to twenty years in the State penitentiary. (Id.) On November 5, 1987, Petitioner was released on $25,000 bond

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

while his appeal was pending.[2] (Id.) On May 24, 1988, Petitioner, represented by Francis Curnutte,

filed a Petition for Appeal to the West Virginia Supreme Court of Appeals challenging his sexual

assault conviction. (Id.) The West Virginia Supreme Court denied Petitioner's appeal on July 20,

1988. State v. Azeez, Case No. 880691 (W.Va. July 20, 1988). Petitioner then requested renewal of

his petition for appeal, and the West Virginia Supreme Court of Appeals denied it on September 9,

1988. (Civil Action No. 5:06-106, Document No. 151.)

Petitioner was charged by Indictment returned on September 12, 1988, and designated 88-F-

203 in the Circuit Court of Raleigh County with failing to appear for sentencing upon his sexual

assault conviction on September 25, 1987, in violation of West Virginia Code § 62-1C-17B. (Id.)

Specifically, Indictment No. 88-F-203 reads as follows:

> The Grand Jurors of the State of West Virginia, in and for the body of the County of
> Raleigh, upon their oaths present that JAMAL AZEEZ, on or about the 25th day of
> September 1987, in the said county of Raleigh, did unlawfully and feloniously,
> having been admitted to bail and released in accordance with the laws of this State
> did willfully and without just cause fail to appear as and when it was required of him

---

[2]  The November 5, 1987, appeal bond provided as follows in part:

> Now, therefore, if the said Jamal Azeez shall make his personal appearance before
> the Judge of the Circuit Court of Raleigh County at the Court House thereof on the
> 28th day of December, 1987, and then and there to answer the State of West Virginia
> of any indictment concerning any such offense that has been returned or may
> hereafter be returned against him, and then and there render himself amenable to the
> order and process of the Court, and from term to term and time to time thereafter, to
> which the proceedings concerning such offense and indictment may be continued,
> until the matter is finally terminated, and if convicted shall appear for judgment and
> render himself in execution thereof to such day as the Court may order and shall not
> depart thence without leave of the Court, then this bond shall be void; otherwise to
> remain in full force and effect.

Upon his release on bond on November 5, 1987, Petitioner returned to gainful employment in
Charleston, West Virginia, until his life was threatened by three individuals. (Document No. 40,
*Azeez v. Haines*, 2:00-0054 (N.D.W.Va. Aug. 11, 2003).) Petitioner reported the altercation with the
three individuals to the police and decided to leave town. *Id.* Evidently, Petitioner moved to Florida.

2

to wit: did fail to report as Ordered by the Honorable C. Thomas Canterbury, for sentencing for the crime of Second Degree Sexual Assault, against the peace and dignity of the State, and found upon the testimony of Det. Cedric Robertson, BCPD duly sworn to testify the truth before the grand jury this the 12th day of September 1988.

One week later, a *capias* warrant was issued for Petitioner's arrest based upon his 1988 Indictment for failure to appear in 88-F-203.(Id.) Petitioner was arrested pursuant to the *capias* warrant in Florida on August 19, 1991, nearly three years after the West Virginia Supreme Court of Appeals denied his request for renewal of his appeal and the issuance of the Indictment in State v. Azeez, Case No. 88-F-203 (Cir. Ct. Raleigh Co. 1992.). (Id.) Petitioner was extradited to West Virginia on December 4, 1991. (Id.)

Two weeks before his trial on the failure to appear charge, Petitioner filed a Motion to Quash Indictment No. 88-F-203 as "grossly defective and fatal." (Civil Action No. 5:06-106, Document No. 23, Ex. 2, p. 6.) Trial counsel argued that the 1988 Indictment was fatally flawed because the Indictment charged Petitioner with failing to appear for sentencing in the sexual assault case on September 25, 1987, when he was sentenced in that case on September 14, 1987, and was not released on his appeal bond until November 5, 1987. (Civil Action No. 5:06-106, Document No. 151.) Petitioner asserted that Raleigh County Prosecutor Kristen Keller procured an "Amended Indictment," Indictment No. 92-F-342, which read:

The Grand Jurors of the State of West Virginia, in and for the body of the County of Raleigh, upon their oaths present that JAMAL AZEEZ, on or about July 1988 through August 1991, in the said county of Raleigh, unlawfully and feloniously, having been admitted to bail and released in accordance with the laws of this State did willfully and without just cause fail to appear as and when it was required of him and the said JAMAL AZEEZ had been convicted of the felony of sexual assault and sentenced upon such felony, against the peace and dignity of the State, and found upon the testimony of Det. D.H. Cook, II, BCPD duly sworn to testify the truth before the grand jury this the 2nd day of November, 1992.

(Id., Document No. 53, Ex.1, p. 23)(emphasis added). The Indictment was signed by Lawrence K.

3

Frail. (Id., Document No. 23, Ex. 2, p. 6.) Petitioner was convicted upon the charge of failure to appear in the Circuit Court of Raleigh County on March 25, 1993. (Id., Document No. 151.) Petitioner unsuccessfully appealed his failure to appear conviction to the West Virginia Supreme Court of Appeals. State v. Azeez, Case No. 93-2108.

**B.   First State *Habeas* Petition Challenging Sexual Assault Conviction.**

On June 11, 1992, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Raleigh County challenging his sexual assault conviction. State *ex rel.* Azeez v. Mangum, Civil Action No. 92-HC-56 (Cir. Ct. Raleigh County). The Circuit Court conducted a hearing and by Order entered on September 1, 1993, denied his Petition for *habeas* relief on the merits. On November 16, 1993, Petitioner, represented by attorneys Franklin D. Cleckley and Paul R. Cranston, appealed the Circuit Court's denial of his *habeas* Petition to the West Virginia Supreme Court of Appeals. State *ex rel*. Azeez v. Mangum, 195 W.Va. 163, 465 S.E.2d 163 (1995). By decision dated July 13, 1995, the West Virginia Supreme Court of Appeals rejected Petitioner's assignments of error and affirmed the Circuit Court's decision. On November 13, 1995, Petitioner filed an original jurisdiction Petition for *Habeas Corpus* in the West Virginia Supreme Court. The West Virginia Supreme Court of Appeals refused Petitioner's *habeas* Petition by Order entered on May 15, 1996. State *ex rel.* Azeez v. Duncil, Case No. 952230 (W.Va. May 15, 1996).

**C.   First State *Habeas* Petition Challenging Failure to Appear Conviction.**

On May 16, 1996, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Raleigh County challenging his failure to appear conviction. (Civil Action No. 5:06-106, Document No. 151.) The Circuit Court appointed James G. Anderson, as counsel. (Id.) On April 6, 2000, the Circuit Court entered an Order denying Petitioner's Motion for Reconsideration and

4

dismissing his *habeas* petition. (Id.) On April 21, 2000, Petitioner filed a petition for writ of *habeas corpus* in the original jurisdiction of the West Virginia Supreme Court of Appeals, which was refused on May 25, 2000. Azeez v. Haines, Case No. 00819 (W. Va. May 25, 2000).

### D.        First Federal *Habeas* Petition Challenging Sexual Assault Conviction.

On May 24, 1996, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Azeez v. Duncil, Civil Action No. 5:96-0497, Document No. 2. Petitioner asserted numerous errors in the sexual assault proceedings as a basis for claiming entitlement to *habeas* relief. Id. On March 5, 1997, United States Magistrate Judge Mary Stanley Feinberg entered Proposed Findings and Recommendation that the District Court dismiss Petitioner's Petition for failure to exhaust state remedies. Id., Document No. 22. By Order entered on March 26, 1997, the District Court dismissed Petitioner's Petition for failure to exhaust. Id., Document No. 27. The Fourth Circuit dismissed Petitioner's appeal of the District Court's Order on September 22, 1997. Azeez v. Duncil, 122 F.3d 1060 (4th Cir. 1997). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on April 20, 1998. Azeez v. Duncil, 523 U.S. 1082, 118 S.Ct. 1533, 140 L.Ed.2d 683 (1998).

### E.        Second State *Habeas* Petition Challenging Sexual Assault Conviction.

Petitioner filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Raleigh County, on October 27, 1997, raising those grounds for relief that were found unexhausted by this Court. Azeez v. Kirby, Case No. 87-F-546 (Cir. Ct. Raleigh Co., June 1, 1998). By Order entered on June 1, 1998, the Circuit Court denied his second *habeas* Petition as being precluded by statute, and dismissed the Petition with prejudice. Id. On June 12, 1998, Petitioner filed his Petition for Appeal from the Circuit Court's decision. Azeez v. Kirby, Case No. 981696 (W.Va. July 7, 1999).

The West Virginia Supreme Court of Appeals refused his appeal by Order entered on July 7, 1999. Id.

### F.  Second Federal *Habeas* Petition Challenging Sexual Assault Conviction.

Petitioner filed a second Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody in this District Court on June 15, 1998. Azeez v. Kirby, Civil Action No. 5:98-0523, Document No. 1. Petitioner again sought *habeas* relief with respect to his sexual assault conviction. Id. By Proposed Findings and Recommendation entered on July 14, 2000, United States Magistrate Judge Mary Stanley Feinberg recommended that the District Court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's *habeas* petition. Id., Document No. 44. By Order on September 28, 2000, the District Court adopted Judge Feinberg's recommendation and dismissed Petitioner's Petition for *habeas* relief. Id., Document No. 48. Petitioner filed his Notice of Appeal on October 23, 2000. Id., Document No. 51. The Fourth Circuit dismissed Petitioner's appeal on May 15, 2002. Azeez v. Kirby, 34 Fed.Appx. 138 (4th Cir. 2002). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 15, 2002. Azeez v. Kirby, 537 U.S. 960, 123 S.Ct. 394, 154 L.Ed.2d 314 (2002.)

### G.  First Federal *Habeas* Petition Challenging Failure to Appear Conviction.

On June 19, 2000, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody in the United States District Court for the Northern District of West Virginia, challenging his conviction for failure to appear. Azeez v. Haines, Civil Action No. 2:00-0054. Petitioner, represented by attorney Gregory R. Tingler, who was appointed by the Court, filed a Motion for Partial Summary Judgment and Memorandum in Support on July 15, 2003. On August 11, 2003, District Judge Robert E. Maxwell granted Petitioner's Motion for Partial Summary

6

Judgment and ordered Petitioner's release from the custody from the West Virginia Division of Corrections. District Judge Maxwell ruled on five claims which Petitioner asserted in his Motion for Partial Summary Judgment. First, Judge Maxwell found that " the indictment charging [Petitioner] with failure to appear violated his rights under the Fifth Amendment when it was defective on its face[.]" Judge Maxwell stated that "[t]he indictment in Criminal Action Number 92-F-342 is defective on its face because it fails to state an exact date upon which the Petitioner was required to appear and because it includes dates upon which the Petitioner was not legally required to appear."[3] (Civil Action No. 5:06-106, Document No. 23-5, p. 11 - 12.) Second, Judge Maxwell ruled that Petitioner's Sixth and Fourteenth Amendment rights were violated "when the Circuit Court of Raleigh County misapplied the law in refusing to strike two jurors for cause, thereby forcing the Petitioner to use two of his peremptory challenges to do so."( Id., p. 22.) Third, Judge Maxwell ruled that Petitioner's attorney in the appeal of his sexual assault conviction, Francis Curnutte, violated the attorney-client privilege by (1) turning over to the State a letter dated March 8, 1993, written by Petitioner and addressed to Mr. Curnutte, and (2) testifying in the failure to appear case respecting a conversation which he had with Petitioner about the West Virginia Supreme Court of Appeals' refusal to consider his Petition in the sexual assault case. (Id., pp. 22 - 26.) Judge Maxwell further ruled that "[t]he Circuit Court of Raleigh County erred in failing to either declare a mistrial or to give a curative instruction with regard to Mr. Curnutte's breach of the attorney-client

---

[3] Indictment No. 92-F-342 charged Petitioner with failure to appear from July, 1988, through August, 1991. The undersigned notes that the West Virginia Supreme Court denied Petitioner's appeal of his sexual assault conviction on July 20, 1988. Petitioner filed a request for renewal of his Petition for Appeal with the West Virginia Supreme Court on July 22, 1988. Petitioner's renewal request was denied by the West Virginia Supreme Court on September 9, 1988. Accordingly, Judge Maxwell determined that "Petitioner's appeal was not 'finally terminated' until September the 9th, 1988; for that reason, the Petition could not have failed to appear until September the 9th, 1988." (Document No. 23-5, p. 12.)

privilege." (<u>Id.</u>, pp. 25 - 26.) Thus, Judge Maxwell found that Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated. (<u>Id.</u>, p. 26.) Fourth, Judge Maxwell found that Petitioner's Fourteenth Amendment rights were violated because the Circuit Court's files were misplaced for a period of two years and Petitioner was denied access to the Court as Petitioner appealed his conviction and sought *habeas* relief. (<u>Id.</u>, pp. 27 - 28.) Finally, Judge Maxwell found that Petitioner's Fifth and Fourteenth Amendment rights were violated because Petitioner was not credited with 108 days for time served in custody after his arrest on December, 14, 1991, and before his failure to appear conviction. (<u>Id.</u>, pp. 33 - 34.)

**H.**     <u>Second Federal *Habeas* Petition Filed in Northern District</u>.

On March 12, 2003, Petitioner filed a "Petition for Habeas Corpus 28 U.S.C. § 2254 and 5 U.S.C. § 552(a)" in the United States District Court for the Northern District of West Virginia alleging a violation of the FOIA and retaliation. <u>Azeez v. Haines, *et al.*</u>, Civil Action No. 2:03-0017. Petitioner named the following as Respondents: Mr. Haines, Mr. Roberson, Mr. Lazenby, Ms. Keller, Ms. Davis, and Mr. Cook, and others. By Order entered on September 16, 2004, District Judge Maxwell dismissed with prejudice Petitioner's Petition insofar as Petitioner sought *habeas* relief in view of the Court's ruling in <u>Azeez v. Haines</u>, Civil Action No. 2:00-0054, and dismissed without prejudice his claim of retaliation stating that it "would be properly brought in a civil rights action pursuant to 42 U.S.C. § 1983, rather than a *habeas corpus* action pursuant to 28 U.S.C. § 2254."

**I.**     <u>Third Federal *Habeas* Petition Challenging Sexual Assault Conviction</u>.

On March 24, 2003, Petitioner filed a third *habeas* Petition in this District Court again challenging his conviction of second degree sexual assault. <u>Azeez v. Rubenstein, *et al.*</u>, Civil Action

8

No. 5:03-0252, Document No. 1. By Proposed Findings and Recommendation entered on February 24, 2004, the undersigned recommended that Petitioner's Petition be denied as untimely. Id., Document No. 7. By Order entered on March 24, 2004, United States District Judge David A. Faber adopted the undersigned's recommendation and dismissed Petitioner's Petition as untimely. Id., Document No. 9. Petitioner filed his Notice of Appeal on September 24, 2004. Id., Document No. 15. The Fourth Circuit dismissed Petitioner's appeal on May 13, 2005. Azeez v. Rubenstein, 131 Fed.Appx. 412 (4th Cir. 2005). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on January 23, 2006. Azeez v. Rubenstein, 546 U.S. 1151, 126 S.Ct. 1164, 163 L.Ed.2d 1130 (2006).

**J.     Instant Petition for Writ of Error *Coram Nobis*.**

Petitioner filed his instant Petition for a Writ of Error *Coram Nobis* on November 16, 2015. (Civil Action 5:15-15225, Document No. 2.) Specifically, Petitioner asserts the following grounds: (1) "Prosecutorial and police misconduct that overshadowed innocence due to willful concealment of *Brady* and *Batson* evidence newly discovered in 2013;"[4] (2) "Infliction of civil disabilities;" (3) "Use of coached testimony;" (4) "Felonious perjury in Complaint for Warrant responsible for false arrest and possibly, flawed indictment;" (5) "Denial of grand jury minutes very likely to contain perjury;" (6) "Denial of access to court;" (7) "Abuse of judicial authority and discretion;" (8) "Unconstitutionality of sentencing statute of lack of parole date;" (8) "Unlawful retroactive application of SORA;" (9) "Ineffective representation of appellate counsel;" and (10) "Flawed fact-

---

[4]     Petitioner argues that in litigating *Azeez v. Keller*, Civil Action No. 5:06-0106, he discovered exculpatory evidence that was concealed by the prosecutor and law enforcement officers. (Document No. 2, p. 10.) Specifically, Petitioner states that the exculpatory evidence included the rape kit report and Dr. Slack's ER examination report. (*Id.*) Petitioner later acknowledges that during trial, "Froble objected to the sudden introduction of the CIB rape kit hidden report" and "Froble objected to the State's failure to call five expert witnesses, including Dr. Slack." (*Id.*, p. 30.)

finding analysis and opinions in *Azeez v. Maangum*, 465 S.E.2d 163 (1995)." (Id., p. 12.) Petitioner

contends that he should be allowed to seek relief under *coram nobis* based upon the following:

> (a)     Azeez exhausted, maybe with some delay due to late discovery, all available
>          remedies including a certiorari to do DNA that was denied by the U.S.
>          Supreme Court under the statute of limitations imposed by AEDPA;

> (b)     Azeez had valid reasons to stop attacking his convictions because he was
>          discouraged, threatened, or barred by State Court officials such as Judge
>          Hutchison and Clerk Rory Perry;

> (c)     Azeez has to Register as a Sex Offender for Life, the stigma of public
>          awareness, negative-content background checks, medical license and job
>          denials are adverse consequences;

> (d)     Azeez's right to a fair trial was violated due to a preponderance of evidence
>          supporting ineffective assistance of counsel and prosecutorial/police
>          misconduct of the most fundamental character.

(Id., p. 24.) Accordingly, Petitioner requests that the Court vacate his underlying State conviction.

(Id., pp. 30 - 31.)

As Exhibits, Petitioner attaches the following: (1) A "Memorandum Description of Exhibits

That Were All Either Unchallenged, Concealed, Withheld, or Suppressed" (Id., pp. 1 - 2.); (2) A

copy of a "Complaint for Summons Or Warrant" for Petitioner as issued by the Magistrate Court

of Raleigh County on February 5, 1987 (Id., p. 3.); (3) A copy of the State's "Answer to Defendant's

Motion for Discovery" as filed in the Circuit Court of Raleigh County in Case No. 87-F-546 (Id.,

pp. 4 - 5.); (4) A copy of pertinent pages from the pathologist's deposition (Id., p. 6.); (5) A copy

of pertinent pages of the trial transcripts (Id., pp. 7 - 8.); (6) A copy of a letter dated December 12,

1991, from Linda Bloom of LifeCodes Corporation to Petitioner (Id., p. 9.); (7) A copy of pertinent

sections of testimony by Dr. Slack and the victim (Id., p. 10.); (8) A copy of the Forensic Report

dated March 19, 1987 (Id., p. 11.); (9) A copy of a page from the State Court's Memorandum

Opinion and Order regarding Petitioner's civil rights complaint (Id., p. 12.); (10) A copy of the

Report of Investigation from the City of Beckley Police Department dated March 2, 1987 (Id., pp. 13 - 14.); (11) A copy of the Background Report of Joseph Johnson (Id., pp. 15 - 16.); (12) A copy of "Details for case State ex rel. Azeez v. Mangum" from "The Center for Public Integrity" (Id., p. 17.); and (13) A copy of an article from the Williamson Daily News entitled "Dozens falsely imprisoned due to prosecutor misconduct" dated June 27, 2003 (Id., p. 18.).

## DISCUSSION

Collateral relief is available to persons who have completed their sentences and are therefore not in custody under very limited circumstances through Writs of Error *Coram Nobis* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 88, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). They may not, however, supplant proceedings under Section 2255, United States v. Barrett, 178 F.3d 34, 55, (1st Cir. 1999), cert. denied, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); Sun v. United States, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), aff'd, 151 Fed. Appx. 860 (11th Cir. 2005), cert. denied, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. Durrani, 294 F.Supp.2d 204, 209 - 210. Adopting "the same analytical framework when ruling on the propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in Durrani stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani, 294 F.Supp.2d at 210; see also Schepis v. United States, 2008 WL 474237, * 6 (D.S.C. Feb. 20, 2008). When the District Court has determined that it is appropriate to consider a request for relief in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his

12

conviction that may be remedied by granting of the writ." <u>Fleming</u>, 146 F.3d at 90, <u>quoting</u> <u>Foont v. United States</u>, 93 F.3d 76, 79 (2nd Cir. 1996)(internal quotation marks, citations and alterations omitted); <u>see also</u> <u>Hanan v. United States</u>, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion."  "[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." <u>Hanan</u>, 402 F.Supp.2d at 684. A Writ of Error *Coram Nobis* may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. <u>United States v. Mandel</u>, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify *coram nobis* relief." <u>Sun</u>, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. <u>Durrani</u>, 294 F.Supp.2d at 215 - 216.

In his Petition for Writ of Error *Coram Nobis*, Petitioner requests that this Court invalidate his State conviction in <u>State v. Azeez</u>, Criminal Action No. 87-F-546 (Cir. Ct. Raleigh Co. July 31, 1987). A Writ of Error *Coram Nobis*, however, may not be used to attack a state conviction. <u>See</u> <u>Thomas v. Cunningham</u>, 335 F.2d 67, 69 (4th Cir. 1964)("Error *Coram Nobis*, as indulged in *United States v. Morgan*, cannot issue under the instant proceeding, nor may it be read as a 28 U.S.C. §

2255 Motion; for the judgments are not in the court which Thomas has petitioned."); In re: Egan, 2009 WL 2235814 (4th Cir. July 27, 2009)(stating that a "writ of error coram nobis may not be used to set aside a state conviction"); In re: Shelton, 1 Fed.Appx. 149 (4th Cir. 2001)(finding that "this court has no jurisdiction under § 1651(a) to alter the judgment of a Virginia trial court"); Sinclair v. Louisana, 679 F.2d 513 (5th Cir. 1982)(stating that a "writ of error *coram nobis* can only issue to aid the jurisdiction of the court in which the conviction was had"); Patterson v. McGraw, 2014 WL 989200 (S.D.W.Va. March 13, 2014)(J. Johnston)("It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); Campbell v. DeWalt, 2010 WL 2901874, * 2 (S.D.W.Va. July 21, 2010)(J. Faber)(federal district courts lack jurisdiction to issue writs of *error coram nobis* to set aside judgments of state courts). Accordingly, the undersigned respectfully recommends that the District Court deny Petitioner's Petition for Writ of Error *Coram Nobis*.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Petitioner's Petition for Writ of Error *Coram Nobis* (Document No. 2), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing

of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: November 18, 2015.

R. Clarke VanDervort
United States Magistrate Judge

15